UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| LAUREN M. MIXELL, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | No. 1:20-cv-00433-JPH-DLP |
| MATTHEW BERGER MPD Officer, DELAWARE COUNTY DRUG TASKFORCE, CITY OF MUNCIE, | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff Lauren M. Mixell has sued Matthew Berger, the Delaware County Drug Taskforce, and the City of Muncie under 42 U.S.C. § 1983. Dkt. 1. She alleges that she was unlawfully arrested, searched, and confined by Defendants. *Id.* at 3-4.

**I.    Screening**

**A. Screening standard**

The Court has the inherent authority to screen Ms. Mixell's complaint. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status."). The Court may dismiss claims within a complaint that fail to state a claim upon which relief may be granted. *See id.* In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of

1

Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

**B. The complaint**

Giving the complaint the liberal interpretation required at the screening stage, the Court finds that Ms. Mixell's allegations sufficiently state a claim under 42 U.S.C. § 1983 against Matthew Berger. That claim **shall proceed**.

The claims against the Delaware County Drug Taskforce and the City of Muncie cannot proceed. These claims are effectively a suit against a municipality. *Oesterlin v. Cook Cty. Sheriff's Dep't*, 781 F. App'x 517, 520 (7th Cir. 2019). Under section 1983, a municipality cannot be held vicariously liable for the actions of its agent or employee. *Los Angeles Cty. v. Humphries*, 562 U.S. 29, 35–36 (2010) (explaining *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978)). Rather, a municipality can be liable only for its own actions and corresponding harm. *Id.* "The critical question under *Monell* remains this: is the action about which the plaintiff is complaining one of the institution itself, or is it merely one untaken by a subordinate actor?" *Glisson v. Ind. Dept. of*

*Corrections*, 849 F.3d 372, 381 (7th Cir. 2017) (*en banc*). An action is one of the "institution itself" when the municipality's "official policy, widespread custom, or action by an official with policy-making authority was the 'moving force' behind [the] constitutional injury." *Dixon v. Cty. of Cook*, 819 F.3d 343, 348 (7th Cir. 2016) (citing *Monell*, 436 U.S. 658; *City of Canton v. Harris*, 489 U.S. 378, 379 (1989)).

Here, Ms. Mixell does not allege any facts suggesting that the Matthew Berger acted pursuant to an official policy, widespread custom, or that an official with policy-making authority was the "moving force" behind the officer's actions. Rather, she is alleging unlawful actions untaken by a subordinate actor. Therefore, the claims against the Delaware County Drug Taskforce and the City of Muncie are **dismissed** for failure to state a claim upon which relief can be granted. The **clerk is directed** to remove these defendants from the docket.

### C. Opportunity to Show Cause

The section 1983 claims against Matthew Berger are the only viable claims the Court has discerned in Ms. Mixell's complaint. If Ms. Mixell believes the Court has overlooked any claims or defendants, or if she believes the complaint should be allowed to proceed against the Delaware County Drug Taskforce and the City of Muncie, she shall have through **March 11, 2020**, in which to file a motion to reconsider.

## II. Issuance and Service of Process

The **clerk is directed** to issue process to Defendant Matthew Berger MPD Officer in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. 1, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

**SO ORDERED.**

Date: 2/7/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

LAUREN M. MIXELL
2004 S. Ebright St.
Muncie, IN 47302

Matthew Berger MPD Officer
Muncie Police Department
300 N High St #215
Muncie, IN 47305